UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHEKHAR DESAI and MINAL DESAI,
Plaintiffs,

v.   Case No: 6:20-cv-2358-Orl-28GJK

CHUBB INDEMNITY INSURANCE
COMPANY,
Defendant.

## ORDER

This case is before the Court on review of the Notice of Removal (Doc. 1).

Federal courts have not only "the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., 760 F.2d 1249, 1251 (11th Cir. 1985). Plaintiffs, Shekhar and Minal Desai, filed this case in state court, and Defendant, Chubb Indemnity Insurance Company, removed it to this Court. In its Notice of Removal, Chubb relies on 28 U.S.C. § 1332, asserting that subject-matter jurisdiction exists based on the parties' diverse citizenship. However, the allegations in the Notice of Removal do not establish that the parties are diverse or that the amount in controversy exceeds $75,000 as required by 28 U.S.C. § 1332.

Chubb adequately alleges its own citizenship, explaining that it is a citizen of New York because it is incorporated there and has its principal place of business there. (Doc. at 3). But as to the citizenship of Plaintiffs, Chubb alleges merely: "Upon information and belief, plaintiffs are residents of the State of Florida and reside at" an address in Satellite Beach. (Id.). "The citizenship of an individual is determined by domicile, which is

established by residence plus an intent to remain. Residence alone is insufficient." <u>Eaton v. Vista Outdoors, Inc.</u>, Case No. 6:17-cv-1096-Orl-37KRS, 2017 WL 3033782, at *1 (M.D. Fla. July 18, 2017) (citations omitted). Chubb's allegation of Plaintiffs' residence is not sufficient to establish their citizenship. Thus, the Court cannot discern whether the parties' citizenship is diverse.

Chubb's amount-in-controversy allegations are also deficient. Chubb alleges that sometime prior to filing suit, Plaintiffs presented a repair estimate of over $332,000, but nowhere does Chubb state the amount of coverage provided by the subject insurance policy. The repair estimate by itself is not determinative. <u>See, e.g.</u>, <u>Henry v. State Farm Mut. Auto. Ins. Co.</u>, No. 6:13-cv-807-Orl-28, 2013 WL 5178518, at *1 (M.D. Fla. Sept. 13, 2013) ("[I]nsurance policies limiting liability can be definitive in determining the amount in controversy when the policy limits are less than the claim."); <u>Emps. Mut. Cas. Co. v. Parker Towing Co.</u>, Civil Action No. 07-0684-WS-B, 2007 WL 4577705, at *2 (S.D. Ala. Dec. 27, 2007) (noting that "a low policy limit may be relevant in showing that the monetary value of the action . . . does not reach the jurisdictional threshold").

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. Accordingly, it is **ORDERED** that **no later than Friday, January 8, 2021**, Chubb shall file an amended notice of removal and establish this Court's subject-matter jurisdiction over this case.

**DONE** and **ORDERED** in Orlando, Florida, on December 23, 2020.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties

2