# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

SHEKHAR DESAI and MINAL
DESAI,

        Plaintiffs,

v.                                     Case No. 6:20-cv-2358-JA-GJK

CHUBB INDEMNITY
INSURANCE COMPANY,

        Defendant.

_____

## ORDER

Plaintiffs Shekhar and Minal Desai move to remand this case to the state court from which it was removed by Defendant, Chubb Indemnity Insurance Company. (Mot., Doc. 12). As set forth below, the Desais' motion is denied.

## I.    Background

The Desais initiated this action by filing a one-count Complaint for breach of contract in state court on November 10, 2020. (Doc. 1-1 at 2–5). They allege in the Complaint that Chubb issued a policy of homeowners' insurance to them; that their property sustained a covered loss due to wind or hail; that they reported the loss to Chubb; and that Chubb "failed to tender a payment of

insurance proceeds." (Id. at 3–4). The Desais alleged that the damages exceeded $30,000 (the minimum for Florida circuit courts). (Id. at 2).

On December 23, 2020, Chubb removed the case to this Court, invoking this Court's subject-matter jurisdiction under 28 U.S.C. § 1332 based on the parties' diverse citizenship and a purported amount in controversy in excess of the $75,000 threshold for diversity jurisdiction. (Notice of Removal, Doc. 1). But upon sua sponte review of the Notice of Removal, the Court determined that Chubb had not sufficiently alleged the amount in controversy or the citizenship of the Desais. (See Order, Doc. 3). In ordering Chubb to file an amended notice of removal, the Court noted that Chubb had submitted the Desais' detailed repair estimate of over $332,000 but that Chubb nowhere stated the amount of coverage provided by the insurance policy—the contract between the parties. (Id. at 2). Thus, the Court could not ascertain whether the $75,000 threshold was exceeded. Chubb then filed an Amended Notice of Removal in which it noted that the policy limits are $4.473 million, attaching a copy of the policy. (See Doc. 10).

The Desais now move to remand. (Doc. 12). The Desais concede that Chubb has established diversity of citizenship, but they maintain that Chubb still has not established that the amount-in-controversy exceeds $75,000. Chubb opposes the motion, relying on the repair estimate, the policy limits, and

the Desais' refusal to stipulate that damages do not exceed $75,000. (Response, Doc. 19).

## II.   Discussion

Having considered the Desais' motion, Chubb's response, and the record, the Court finds the Desais' motion to be without merit. Chubb, as the party invoking this Court's jurisdiction, bears the burden of establishing subject-matter jurisdiction. See Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001) ("[T]he burden of proving jurisdiction lies with the removing defendant."). Chubb has done so.

Chubb initially submitted the detailed repair estimate of $332,112.29 that the Desais had presented to it shortly before filing suit, and Chubb has now submitted the insurance policy, which has policy limits of more than $4 million, (see Ex. 5 to Doc. 10). Although the Court previously found that the repair estimate alone—without information about the policy limits—did not establish the amount in controversy, the repair estimate that the Desais provided to Chubb and the policy limits combined are sufficient to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.[1]

---

[1] Chubb also now submits evidence that the Desais refuse to stipulate that the amount in controversy is $75,000 or less. (See Doc. 19-1 at 6). Although "a refusal to stipulate standing alone" does not establish jurisdiction, Williams, 269 F.3d at 1320, the Seventh Circuit has noted that a refusal to stipulate can give rise to an "inference" that the plaintiffs think their claim "may be worth more." Workman v. United Parcel Serv., Inc., 234 F.3d 998, 1000 (7th Cir. 2000). Because the detailed estimate that the Desais presented to Chubb and the policy limits support jurisdiction here, this Court

## III.   Conclusion

Accordingly, it is **ORDERED** that Plaintiffs' Motion to Remand to State Court (Doc. 12) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on February **25**, 2021.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record

---

need not consider the Desais' refusal to stipulate in assessing whether Chubb has established subject-matter jurisdiction by a preponderance of the evidence.